# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | **Criminal No. 06-50(02) (DSD-JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Antonio Lashawn Warfield,** | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on March 30, 2006, on the pretrial motions of defendant Antonio Warfield. Tracy L. Perzel, Assistant United States Attorney, appeared on behalf of the Government. Lee R. Johnson, Esq., appeared on behalf of Mr. Warfield (Warfield). Through a motion to suppress evidence (Doc. No. 21), Warfield asserts that officers lacked reasonable, articulable suspicion to initiate a vehicular stop. This case is scheduled to be tried before U.S. District Court Senior Judge David S. Doty and has been referred to this Court for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.  BACKGROUND

After discovering drugs in a hotel room on January 23, 2006, hotel employees contacted local police. Detective Dennis Otterness, of the Bloomington Police Department, went to the hotel to investigate. Otterness spoke to Shakethia Johnson, the person to whom the room was registered. Ms. Johnson (Johnson) denied that she was staying in the room and claimed that the room was occupied by a person she knew as Tone.

Johnson also mentioned that her vehicle, a silver Lincoln Navigator, was impounded after she entrusted it to Tone. Otterness reviewed motor vehicle records to learn more about the incident. According to those records, the Navigator was impounded because Warfield was driving after his license was revoked. Otterness obtained a photograph of Warfield from motor vehicle records and inserted it into a photographic line-up. Of four employees at the hotel, two identified Warfield as the occupant of the hotel room where the illegal drugs were found.

At approximately 10:00 a.m. on February 10, 2006, Otterness stopped his unmarked squad car at the intersection of Interstate 35W and 98th Street in Bloomington. According to Otterness, he saw a silver Lincoln Navigator across the intersection; recognized that Warfield was the driver; and recalled that Warfield had not reinstated his driving privileges. Otterness checked the license registration and determined that the Navigator was Johnson's.

Rather than stopping Warfield himself, Otterness sent out a general bulletin to other officers, seeking assistance for the stop. Otterness described the Navigator and explained that the driver had a revoked drivers license and was also a suspect in a narcotics case.

Officer Andrew Plant, also of the Bloomington Police Department, received the bulletin. Plant observed the Navigator proceeding northbound on Nicollet Avenue towards 96th Street, a few blocks away from where Otterness first saw the Navigator. According to Plant, after the Navigator passed a median marked with two no U-turn signs, it turned left toward a driveway. Then instead of entering the driveway, the Navigator stopped, backed up slightly, and proceeded southbound on Nicollet. Plant initiated a stop of the Navigator and confirmed that the driver was Warfield.

## II.   DISCUSSION

Consistent with the Fourth Amendment, officers may undertake an investigatory stop on articulable, reasonable suspicion that a person is engaged in criminal activity. When evaluating whether an officer has articulable, reasonable suspicion, a court considers whether particular facts, under the totality of the circumstances, provide an objective basis for the stop. *United States v. Bustos-Torres*, 396 F.3d 935, 942 (8th Cir. 2005). If officers are sharing communications about a criminal investigation, then reasonable, articulable suspicion may be based on collective knowledge of all officers working on that case. *United States v. Williams*, 429 F.3d 767, 771-72 (8th Cir. 2005).

Because reasonable, articulable suspicion is examined objectively, a court cannot inquire into the subjective reasons that an officer may have had to initiate an investigatory stop. Thus when an officer is investigating a drug offense, and the suspect commits a traffic violation, the officer may proceed with a vehicular stop. *Whren v. United States*, 517 U.S. 806, 813 (1996). It is well founded that a traffic offense supplies reasonable, articulable suspicion for an officer to proceed with an investigatory stop. *United States v. Barragan*, 379 F.3d 524, 528 (8th Cir. 2004).

Warfield was driving the Navigator, after his driver license had been revoked, in violation of Minn. Stat. § 171.24. Warfield also made a U-turn, contrary to posted signs, in violation of Minn. Stat. § 169.06. Because officers had objective facts indicating that Warfield committed two separate traffic offenses, Plant had reasonable, articulable suspicion to proceed with an investigative stop. This seizure does not violate the Fourth Amendment, and therefore, evidence acquired as a result of the stop need not be suppressed.

At the motion hearing, Warfield claimed that when he changed course on Nicollet Avenue, he did not commit a traffic offense, and so Plant lacked a basis for a stop. Although Warfield did not make a continuous U-shaped turn, it is otherwise plain that he intended to reverse course rather than enter the driveway. This action is sufficient to indicate that Warfield was making a U-turn. Even assuming Warfield did not make a U-turn, officers could also initiate an investigatory stop for driving with a revoked license. Thus Warfield's arguments about the U-turn do not influence the outcome here.

## III.  CONCLUSION

For the reasons discussed above, this Court concludes that officers had reasonable, articulable suspicion to proceed with an investigative stop. Consequently the stop did not violate the Fourth Amendment, and evidence recovered as a result of the stop need not be suppressed. Based on these conclusions, this Court recommends that Warfield's motion be denied.

## IV.  RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Warfield's motion to suppress evidence (Doc. No. 22) be **DENIED.**

Dated this 14th day of April, 2006.                              s/Jeanne J. Graham

                                                                             JEANNE J. GRAHAM
                                                                             United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by May 3, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report

and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.